IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
05 SEP 16 PM 12:58
TX EASTERN-MARSHALL
BY_____

| | | |
|---|---|---|
| WILLIAM S. NICOLAS | § | |
| Plaintiff, | § § § | |
| VS. | § § | Civil Action No. **2-05 C V - 4 4 2** |
| 1. MCI HEALTH AND WELFARE PLAN NO. 501, and | § § § | |
| 2. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | § § § | |
| Defendants. | § § | |

## COMPLAINT

1. William S. Nicolas ("Plaintiff") files this his Complaint against MCI Health and Welfare Plan No. 501 ("Plan") and The Prudential Life Insurance Company of America ("Prudential").

### I.
### Parties

2. Plaintiff is an individual who resides in Collin County, Texas.

3. The Plan, at all times material to this action, has been an employee benefit plan within the meaning of 29 U.S.C. § 1003(a)(2), located at 707 17th Street, Dep/Loc 9832/700, Denver, Colorado 80202.

4. Prudential is an insurance company licensed to do business in Texas and has an administrative services contract with MCI, Inc. ("MCI") with an effective date of January 1, 2004.

### II.
### Jurisdiction and Venue of ERISA Claims

5. This action against Prudential and the Plan arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. § 1001 et. seq.

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1).

7. Venue is proper in this District pursuant to 29 U.S.C § 1132(e)(2), because the breach occurred in this District.

8. Pursuant to 29 U.S.C. § 1132 (h), this Pleading has been served upon the Secretary of Labor, Employee Benefits Security Administration, 200 Constitution Avenue, N.W., Washington, D.C. 20210 and the Secretary of the Treasury, 1500 Pennsylvania Avenue, Washington, D.C. 20220 by certified mail return receipt requested.

### III
### Factual Background

9. The Plan was an employee benefits plan which provided long-term disability (LTD) benefit for employees of MCI.

10. The Plan is subject to ERISA.

11. MCI, Plaintiff's employer, established the Plan.

12. The LTD benefits are paid to MCI's employees by Prudential through a trust that is derived from the general assets of MCI and contributions made by covered employees.

13. The Plan provided long term disability benefits to all employees in active employment.

14. Prudential provided third-party administration for the claims adjudication and claims payment.

15. At all pertinent times, Plaintiff was an employee of MCI and was a participant, within the meaning of 29 U.S.C. § 1002(7), in the Plan.

16. Plaintiff became an employee of MCI on or about May 1985, and worked there continuously until approximately July 2, 2003.

17. Plaintiff was employed as a Senior Engineer II at MCI.

18. Plaintiff has suffered from numerous medical conditions. These various conditions would not and will not permit Plaintiff to work with a computer, or drive/sit for any length of time.

19. Plaintiff is not able to meet the physical requirements of any occupation due to these medical conditions.

20. Plaintiff applied for long term disability benefits under the Plan and was first denied benefits by Prudential on January 26, 2004.

21. Plaintiff has complied with all requirements of the administrative appeal

22. Plaintiff was and is disabled based on the definition of disability in the Plan.

23. The Plan provides this definition of disability:

Your are disabled when:

- you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness or injury;* and
- you have a 20% or more loss in your *indexed monthly earnings* due to that *sickness or injury.*

### IV.
### COUNT ONE
### Breach of the Plan Claim

24. Plaintiff is entitled to LTD benefits under the Plan as Plaintiff meets the definition of disability contained in the Plan.

25. Plaintiff has complied with his obligations to make proof of claim in accordance with the Plan requirements.

26. Plaintiff is entitled to have the Court conduct a trial *de novo* of the issues stated herein.

27. In the alternative, the Plan's/Prudential's decision to deny Plaintiff's benefits is arbitrary and caprious

28. The Plan provides that the people who operate the Plan have a duty to do so prudently and in the interest of Plaintiff and its participants and beneficiaries.

29. The Plan provides that in the instance where Plaintiff is less than the age of 60 years at the time of disability, Prudential will pay benefits to Plaintiff's normal retirement age under the Social Security Act.

30. Such monthly benefit will be 70% of monthly earnings less any deductible source of income. If Plaintiff does not qualify for Social Security Benefits after a period of 36 months, the monthly benefits will be reduced to 40%.

31. Plaintiff was 44 years old at the time he became disabled.

32. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks from the Plan, from Prudential or from both, benefits which have not been paid to him.

## V.

## COUNT TWO

### Attorney's Fees Pursuant to 29 U.S.C § 1132(g)(1)

### Against the Plan and Prudential

33. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff seeks an award of his reasonable and necessary attorney's fees in connection with the prosecution of this action.

### PRAYER

WHEREFORE, Plaintiff requests that the Court order:

1. The Plan and/or Prudential to pay Plaintiff the full employee benefits incurred and unpaid at the time of trial;

2. The Plan and/or Prudential pay Plaintiff's reasonable attorney's fees incurred in pursuing recovery of benefits owed to him;

3. The Plan and/or Prudential pay Plaintiff pre-judgment and post-judgment interest; and

4. That Plaintiff recover the cost of this action and such other and further relief as the Court may deem proper under the circumstances.

          Respectfully submitted,

          *[signature]*
          Bernard A. Guerrini
          State Bar No. 08581700
          BERNARD A. GUERRINI, P.C.
          6500 Greenville Avenue, Suite 320
          Dallas, Texas 75206
          Phone: (214) 692-6556
          Fax:   (214) 962-6578
          guerrinipc@sbcglobal.net

          ATTORNEY FOR PLAINTIFF