IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILLIAM S. NICOLAS,<br>    Plaintiff,<br><br>v.<br><br>MCI HEALTH AND WELFARE PLAN NO.<br>501 and THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br>    Defendants. | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 2:05-CV-442 (TJW)<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is The Prudential Insurance Company of America's ("Prudential") Motion to Dismiss (#11). The Court has carefully considered the parties' written submissions and hereby grants Prudential's motion.

**I.    Introduction**

Plaintiff William S. Nicolas ("Nicolas") asserted a claim under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), for long-term disability benefits. Shortly thereafter, Prudential moved to dismiss this case pursuant to Rule 12(b)(6) and/or for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure and/or 28 U.S.C. § 1406(a). Prudential's basis for dismissal under Rule 12(b)(6) is that, Prudential, as a third-party claims administrator, is not subject to a claim for benefits under ERISA. Prudential is correct.

**II.   Analysis**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff's complaint must be dismissed if "it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief." *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926-27 (5th Cir. 1988). In considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true the well-pleaded factual allegations of the complaint and any reasonable inferences to be drawn from them. *See Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The Fifth Circuit Court of Appeals has recognized that "there are times when a court *should* exercise its power to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* (emphasis in original). As more fully described below, Nicolas' complaint evidences that his claims against Prudential are barred because Prudential is not a proper party. Accordingly, this Court dismisses Nicolas' claims against Prudential.

Nicolas asserts violations under section 502(a)(1)(B) of ERISA. However, neither this provision, or any other provision of ERISA, expressly authorizes claims for benefits against third-party administrators. The courts in this district have consistently held that third-party claim administrators, such as Prudential in this case, are not subject to a suit for benefits under ERISA. *Metropolitan Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 826 (E.D. Tex. 2002); *Murphy v. Wal-Mart Ass. Group Health Plan*, 928 F. Supp. 700 (E.D. Tex. 1996) (holding that ERISA "contains no provision which would entitle the plaintiff to recover from any entity other than the plan for the alleged non-payment of benefits.").

Nicolas' complaint alleges (and Prudential admits) that Prudential is a claims administrator for the Plan under an administrative services contract. Complaint ¶¶ 4, 14. In accordance with established precedent, Prudential is therefore not subject to claims under ERISA in this case.

In an effort to save its claim, Nicolas, in his responsive briefing, also alleges that

Prudential is a fiduciary of the Plan and/or that discovery should be allowed to determine if Prudential is a fiduciary of the Plan.  Nicolas' assertions, even if true, are unavailing.  While a plaintiff may bring a cause of action under ERISA for a breach of a fiduciary duty, *see* 29 U.S.C. § 1132(a)(2), Nicolas has not asserted a fiduciary claim in this case.  Further, "[e]ven if Prudential were sued as a fiduciary and determined to be a fiduciary, plaintiffs could not obtain relief from Prudential under § 1132(a)(2)."  *Murphy*, 928 F. Supp. at 710.  Accordingly, Prudential's Motion to Dismiss pursuant to Rule 12(b)(6) is granted.  All other relief requested in Prudential's Motion to Dismiss is hereby denied as moot.

      SIGNED this 10th day of January, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE