IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILLIAM S. NICOLAS,<br>    Plaintiff,<br><br>v.<br><br>MCI HEALTH AND WELFARE PLAN NO.<br>501 and THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br>    Defendants. | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 2:05-CV-442 (TJW)<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is MCI Health and Welfare Plan No. 501's ("the Plan") Motion to Dismiss (#10). The Court has carefully considered the parties' written submissions and hereby denies MCI's motion.

**I.   Introduction**

Plaintiff William S. Nicolas ("Nicolas") asserted a claim under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), for long-term disability benefits under the Plan. Shortly thereafter, the Plan moved to dismiss this case for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure and/or 28 U.S.C. § 1406(a). The Plan's sole basis for the relief it requested is a forum selection clause in the Plan that requires any lawsuit for benefits under the Plan to be brought in either Washington, D.C. or in the county of MCI, Inc.'s principal place of business, which is Loudoun County, Virginia.

**II.   Analysis**

ERISA has a general venue provision that permits suits to be filed in anyone of three locations: (1) where the plan is administered, (2) where the alleged breach occurred, or (3) where

the defendant resides or may be found. 29 U.S.C. § 1132(e)(2). However, in this case, the Plan contains a forum selection clause *requiring* that any lawsuit be brought only in Washington, D.C. or in the county of the employer's principal place of business. Thus, the sole issue before the Court is whether the forum selection clause in the Plan supercedes the statutory framework enunciated by Congress in the ERISA statutes. Neither party has pointed to any authority whereby another court has considered whether a forum selection clause can supercede the venue provision of the ERISA statute, so this issue is a matter of first impression for this Court.

The Plan asserts quite correctly that the Fifth Circuit has a strong policy favoring enforcement of forum selection clauses. Under the applicable law, forum selection clauses are presumptively valid and should be enforced unless shown to be unreasonable under the circumstances. *Haynsworth v. The Corp.*, 121 F.3d 956, 962-63 (5th Cir. 1997); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) (enforcing forum selection clause printed on a form passenger ticket). The party resisting enforcement of the forum selection clause bears a "heavy burden of proof." *Haynsworth*, 121 F.3d at 962-63.

In this case, the Plan contains a forum selection clause that requires a potential plaintiff to bring suit in either Washington, D.C. or in Loudoun County, Virginia. Nicolas, the plaintiff in this case, resides in the Eastern District of Texas. Thus, enforcement of the Plan's forum selection clause would require Nicolas to prosecute his suit more than 1,200 miles from his home.

In light of the aforementioned precedent, this Court would likely be required to enforce a non-ERISA forum selection clause. However, the Court finds that the policies of the ERISA statutory framework supercede the general policy of enforcing forum selection clauses.

The ERISA venue provision, 29 U.S.C. § 1132(e)(2), provides as follows:

>   (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

From a plain reading of this statutory provision, Nicolas could have brought his suit in Loudoun County, Virginia (where the plan was administered) or in the Eastern District of Texas (where the breach occurred and where the defendant may be found).  As Nicolas brought his suit in the Eastern District of Texas, venue is proper.

Congress intended that the venue provision for ERISA claimants be broad so as to advance their claims.  The intent, as expressed in 29 U.S.C. § 1001(b) and in the legislative history, was an effort to remove procedural obstacles to claimants:

>   Section 1001(b) of Title 29 declares that it is "the policy of this subchapter to protect . . . the interests of participants in employee benefit plans and their beneficiaries . . . by providing . . . ready access to the federal courts."  Congress intended "to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities . . . .  For actions in federal courts, nationwide service of process is provided to remove a possible procedural obstacle to having all parties before the court."  H.R.Rep. No. 93-533, 93d Cong., 1st Sess. 17 (1973), U.S. Code Cong. & Admin. News 1974, pp. 4639, 4655.

*Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1524 (11th Cir. 1987).

Congress has thus made it clear that it is the policy of ERISA that "safeguards be provided with respect to the establishment, operation, and administration of [employee benefit] plans."  29 U.S.C. § 1001(a).  Furthermore, the Plan should be enforced only to the extent it is consistent with ERISA.  *See, e.g., Canada Life Assur. Co. v. Estate of Lebowitz*, 185 F.3d 231, 235 (4th Cir. 1999) ("This Court will enforce the plain language of an insurance policy unless it is in violation of ERISA.  If a policy fails to incorporate the minimum protections required by ERISA, then this Court will require that the policy be rewritten to incorporate such

protections.").

This Court can not allow the Plan's forum selection clause to override a Congressionally enacted statutory framework aimed at assisting employees. If this Court were to do so, it would encourage a flood of new, non-negotiated "plans" containing forum selection clauses. This floodgate of new plans would severely limit many potential plaintiffs from having ready access to the federal courts and thereby vitiate the congressional intent of enacting ERISA. Accordingly, the Court denies the Plan's Motion.

SIGNED this 10th day of January, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE