IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| WILLIAM S. NICOLAS | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO: 2:05-CV-00442-TJW |
| MCI HEALTH AND WELFARE PLAN NO. 501 | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Application for Attorney Fees and Costs ("Application"). (Dkt. No. 69). This case involves a claim under ERISA for long-term disability benefits, which was previously submitted to the Court by written submission. On September 29, 2008, the Court entered its Memorandum Opinion and Order on plaintiff's ERISA claim for long-term disability benefits, rendering judgment for plaintiff and reversing the decision of the plan administrator. (Dkt. No. 67). In his Application, plaintiff seeks $95,077.50 in attorney's fees and $1,533.75 in costs. Defendant opposes plaintiff's request for attorney's fees in its entirety. Alternatively, defendant argues that the award should be limited based on a reasonable rate and after deduction of items that are not properly recoverable under the applicable law. The Court GRANTS plaintiff's application, but limits the attoneys fees award to an amount of $64,116.25, and costs awarded to an amount of $345.00, as discussed below.

**A. Attorneys' Fees**

ERISA provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g) (1). The court must first determine whether the party is entitled to attorney's fees by applying the five *Bowen* factors.[1] *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). Under the *Bowen* factors, the Court finds that the plaintiff is entitled to fees and costs incurred in connection with the filing and prosecution of this case.

The determination of a reasonable attorney's fee award is a two-step process. *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999). First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorney's fees. *Id*. The lodestar is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Once the lodestar is calculated, the amount can be adjusted, depending on the twelve factors[2] set forth in *Johnson v. Georgia Highway Express, Inc*. before final fees are calculated. 488 F.2d 714, 717 (5th Cir. 1974).

---

[1] The *Bowen* factors are: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorney's fees; (3) whether a fee award would deter other persons acting under similar circumstances; (4) whether the party seeking fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Bowen*, 624 F.2d, at 1266.

[2] The *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the clients; (12) awards in similar cases. *Johnson*, 488 F.2d, at 717-718

The plaintiff's lead attorney, Bernard A. Guerrini, is requesting fees for 271.65 hours of work performed by him, along with his associate, James M. Klancnik, at a rate of $350 per hour. Plaintiff's counsel argues that this is the prevailing rate in the Dallas community for similar services by attorneys of reasonably comparable skills, experience and reputation. As defendant points out, this Court has found, in a similar case about five years ago, a $200 per hour rate to be reasonable for plaintiff's counsel. The Court therefore agrees that a rate of $350 an hour would indeed for excessive in an ERISA case. As the defendant notes, this would represent a total percentage increase of 75% in the hourly rate found reasonable by the Court in just five years. Therefore, the Court finds that at this time, a rate of $275 would be reasonable for a case such as the present one. *See Johnson v. Prudential Ins. Co. of Am.*, 2008 WL 901526, *10 (S.D. Tex. March 31, 2008) (approving a rate of $250 per hour in an ERISA lawsuit); *Jonathan C. v. Hawkins*, 2007 WL 1138432, *3-5 (E.D. Tex. April 16, 2007) (finding that "$225 is a reasonable hourly fee and is comparable to 'market rate' for complex litigation in the Eastern District of Texas").

Additionally, of the 271.65 total hours counsel spent on this matter, the Court is disallowing reimbursement for charges prohibited by applicable legal precedent or for which reimbursement is otherwise improper. Here, the Court finds that plaintiff may not collect fees related to the following requested tasks:

- Work done on motions related to Prudential: 10.1 hours
- Activities related to the deposition of Prudential: 14.9 hours
- Clerical work, including proof reading: 10.25 hours

Furthermore, while the Court allows plaintiff's counsel fees for time spent travelling to Marshall, these fees are calculated at half the hourly rate ($137.50). The total fees allowed is therefore calculated by multiplying the number of hours reasonably expended by counsel on the litigation (239.9) times a reasonably hourly rate ($275), while multiplying the 6.5 travel hours at half the hourly rate ($137.50). Accordingly, the "lodestar" is $64,116.25.[3]

The Court has evaluated the lodestar under the twelve *Johnson* factors, and finds that there is no need to adjust the lodestar upward or downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir.1993).

### B. Expenses

ERISA allows a plaintiff to recover his "costs of action." 29 U.S. C. §1132(g)(1). Here, plaintiff seeks recovery of all litigation related costs, including expenses related to travel and mediation. Costs recoverable in ERISA cases are limited to those enumerated in 28 U.S.C. § 1920. *Cook Children's Medical Center v. New England PPO Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 275-76 (5th Cir. 2007) (finding that "mediation fees are not explicitly authorized by § 1920"); *Collinsworth v. AIG Life Ins. Co.*, 2007 WL 4965041, *4 (N.D. Tex. Feb. 2, 2007) ("Costs for mediation, delivery, and postage are not allowed under § 1920."). With regard to photocopying costs, the Fifth Circuit has required that there be a finding of necessity of such copies in the litigation before such costs can be awarded. *Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir.1994) (vacating costs awarded for photocopying where the district court neglected to make the requisite finding of necessity). Similarly, costs for travel may not be recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 892 (5th Cir. 1993) ("These [travel]

---

[3] (271.65 – 41.75) x $275 = $63,222.50; 6.5 x $137.5 = $893.75. $63,222.50 + $893.75

4

expenses are not included in § 1920 and therefore are not recoverable."). The Court finds that the following costs claimed by plaintiffs are not recoverable:

- Costs for service of summons on Prudential: $65.00

- Mediation fee: $625.00

- Postage and delivery costs: $46.85

- Photocopying charges: $306.40

- Travel expenses: $145.50

After subtracting the disallowed $1,188.75 from plaintiff's claimed total expenses of $1,533.75, the Court finds that plaintiff is entitled to recover $345.00 in expenses.

Judgment will be rendered in accordance with the above.

SIGNED this 18th day of February, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

= $64,116.25.